UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LASH, | ) |
|        Movant, | ) ) ) |
|        v. | )    No. 4:16-CV-840 (CEJ) ) |
| UNITED STATES OF AMERICA, | ) ) |
|        Respondent. | ) ) |

### MEMORANDUM

Before the Court is the motion of Anthony Lash to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. The United States has not filed a response.

**I. Background**

After pleading guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, Lash was sentenced to a 151-month term of imprisonment. At sentencing, the Court determined that Lash was a career offender under U.S.S.G. § 4B1.1(a).[1] Lash was designated as a career offender because he had two prior felony convictions for a crime of violence and a controlled substance offense under U.S.S.G. § 4B1.2(a) and (b), respectively.[2] The guideline range for imprisonment was 151 to 188 months.

---

[1] Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

[2] Section 4B1.2(a) provides that a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or that is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm as defined in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." Section 4B1.2(b) defines a controlled substance offense as "an offense under

## II. Discussion

Lash argues that the Court should vacate his sentence because his enhancement as a career offender is invalid in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness. *Johnson* is inapplicable here because Lash was not sentenced under the ACCA.

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, and more specifically, that the "crime of violence" clause of U.S.S.G. § 4B1.2(a) is not void for vagueness. Because Lash's sentencing enhancement was imposed under the Sentencing Guidelines, not under the residual clause of the ACCA, he is not entitled to relief.

***

For the reasons discussed above, the Court concludes that Lash is not entitled to relief under 28 U.S.C. § 2255 based on the claim he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Lash has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will be issued. *See* 28 U.S.C. § 2253.

---

federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

An order consistent with this Memorandum will be entered separately.

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Carol E. Jackson
　　　　　　　　　　　　　　　　　　　　　　　CAROL E. JACKSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2017.